# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

JAMES EDWARD BOYD,

     Plaintiff,

v.

C.F.G. HEALTH SYSTEM, L.L.C.,

     Defendant.

Civil Action
No. 18-2794 (RBK)(JS)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

Plaintiff, James Edward Boyd, is a prisoner currently incarcerated at South Woods State Prison, in Bridgeton, New Jersey. He is proceeding *pro se* with a civil rights complaint pursuant to 42 U.S.C. § 1983. For the reasons stated in this Opinion, the Court will dismiss Plaintiff's complaint without prejudice for failure to state a claim.

## I. BACKGROUND

The Court will construe the allegations of the complaint as true for the purpose of this Opinion. Plaintiff names only C.F.G. Health System, L.L.C., as a Defendant in this matter. This case arises from Plaintiff's medical treatment while detained at the Atlantic County Justice Facility, for complications arising from his catheter needs. According to the complaint, Plaintiff, a paraplegic with incontinence issues, received four catheters per week, despite complaining to staff that he uses eight catheters per day. (ECF No. 1-2, at 1). After hearing Plaintiff's complaints, certain staff members, including an unknown doctor, advised Plaintiff to rinse and reuse the catheters.

Plaintiff states, however, that "water hot enough to sterilize the catheters [was] not available" and that he contracted a urinary tract infection as a result. *Id*. Staff issued thirty days of

pain medication to Plaintiff but denied him pain medication for an unspecified amount of time thereafter. *Id*. Plaintiff then contracted a second urinary tract infection and met with "Dr. Cheryl" for evaluation. At that meeting, Plaintiff requested "closed system catheters, because they would keep infection risk low," and some type of therapy for his legs. *Id*. Dr. Cheryl advised that the specialized catheters were too expensive and denied his request for leg therapy "because it won't do anything for [him] and it would be a waste of money." *Id*. Plaintiff also saw a mental health doctor, who prescribed him Zoloft, Benadryl, and Zyprexa for his post-traumatic stress disorder. Plaintiff claims that those drugs caused him to gain weight in the subsequent two months.

Thereafter, in May of 2016, Plaintiff contracted a third urinary tract infection and sought medical treatment. As a result of those examinations, unnamed doctor found sugar in Plaintiff's urine on two occasions and placed him on diabetic treatment protocol. Due to these catheter and prescription drug issues, Plaintiff contends that doctors diagnosed him as a type II diabetic in September of 2016.

At an unspecified time afterwards, Plaintiff received a different suppository than he normally uses, and it failed to perform its unspecified intended function. Presumably as a result, Plaintiff then found blood in his stool and diaper and complained to medical staff, but the staff did nothing in response.

In February of 2017, Plaintiff developed a fever or 103.8 degrees, and medical staff provided him with Tylenol. Sometime after, "Plaintiff's scrotum split open oozing a discharge that smelled like feces, and his scrotum was the size of a grapefruit. After 3 days or so Plaintiff was giv[en] an I.V., and was on it for 2 days until Plaintiff started discharging the same fluid from his lower back." (ECF No. 1-2, at 2).

Officials then transported Plaintiff to AtlantiCare Regional Medical Center, where he discovered that his colon had burst. Feces had seeped through his body, deteriorating his flesh and contaminating his heart and bloodstream, which required intravenous antibiotics for forty-five days. Plaintiff had to undergo two surgeries to remove the deteriorated flesh and repair his colon. Officials transferred Plaintiff to a rehabilitation center on February 18, 2017, and then ultimately to South Woods State Prison, where he currently resides. Plaintiff does not allege that he filed any grievances with regard to any of the events above.

Plaintiff now ostensibly raises Eighth Amendment deliberate indifference claims against C.F.G. alleging that its employees knew of his serious medical needs and refused to provide proper treatment, delayed necessary medical treatment, prevented him from receiving medical treatment, or some combination of the three.

## II.  STANDARD OF REVIEW

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). District courts may *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See id.* According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive *sua sponte* screening for failure to state a claim,[1] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC*

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing

*Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Iqbal*, 556 U.S. at 678. Moreover, while courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## III.    DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights guaranteed under the United States Constitution. To succeed on a § 1983 claim, a plaintiff must allege two things: first, a violation of a right under the Constitution, and second, that a "person" acting under color of state law committed the violation. *West v. Atkins,* 487 U.S. 42, 48 (1988); *Piecknick v. Com. of Pa.,* 36 F.3d 1250, 1255–56 (3d. Cir. 1994)). The Supreme Court has established that § 1983's definition of "person" includes municipalities and other local government entities. *Monell v. Dep't of Soc. Servs. of N.Y.,* 436 U.S. 658, 690 (1978). Section 1983 also applies to private corporations that are functioning as "state actors." *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583–84 (3d Cir. 2003).

Under § 1983, a plaintiff may not, however, hold a private corporation that provides healthcare to inmates liable under a theory of *respondeat superior*. *See Weigher v. Prison Health Servs.*, 402 F. App'x 668, 669–70 (3d Cir. 2010); *cf. Thomas v. Cumberland Cty.*, 749 F.3d 217,

---

*Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *see also Malcomb v. McKean*, 535 F. App'x 184, 186 (3d Cir. 2013) (finding that the Rule 12(b)(6) standard applies to dismissal of complaint pursuant to 28 U.S.C. § 1915A for failure to state a claim).

222 (3d Cir. 2014).  To hold such an entity liable under § 1983, plaintiffs must demonstrate that the private corporation adopted a policy or custom and that such policy or custom had been "the moving force" behind the deprivation of their constitutional rights. *See Monell*, 436 U.S. at 694; *Natale*, 318 F.3d at 583–84.

A policy generally involves a "statement, ordinance, regulation, or decision officially adopted and promulgated by [a local governing] body's officers." *Monell*, 436 U.S. at 690.  A custom, although lacking the formal approval of a policy, refers to those official practices which are "so permanent and well settled as to constitute . . . the force of law." *Id.* at 691.  The "first inquiry in any case alleging municipal liability under § 1983 is . . . whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989)

These standards which ordinarily apply to local government units, also apply to suits against private corporations that function as a "state actor." *Dastas v. Cicchi*, No. 11-1473, 2011 WL 5040703, at *7 (D.N.J. Oct. 24, 2011) (citing *Weigher*, 402 F. App'x at 669–70).  For purposes of this Opinion, the Court will assume that C.F.G. is a "state actor" for purposes of § 1983. *See, e.g.*, *id.* at *7 (applying the same assumption to C.F.G.).

The Court broadly construes Plaintiff's allegations of denials and delays in his medical care as an attempt to set forth an underlying violation of the Eighth Amendment's prohibition against cruel and unusual punishment.  For the delay or denial of medical care to rise to a constitutional violation, a prisoner must demonstrate "(1) that defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious." *Rouse v. Plantier,* 182 F.3d 192, 197 (3d Cir. 1999).  Deliberate indifference requires proof that the official "knows of and disregards an excessive risk to inmate health or safety." *Natale*, 318 F.3d at 582.

Courts have found deliberate indifference where a prison official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a nonmedical reason; or (3) prevents a prisoner from receiving needed or recommended treatment." *Rouse,* 182 F.3d at 197. However, courts give deference to prison medical authorities in the diagnosis and treatment of patients and will not "second-guess the propriety or adequacy of a particular course of treatment . . . [which] remains a question of sound professional judgment." *Inmates of Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979). Allegations of negligent treatment or medical malpractice do not trigger constitutional protections. *Estelle v. Gamble,* 429 U.S. 97, 105–06 (1976); *Pierce v. Pitkins,* 520 F. App'x 64, 66 (3d Cir. 2013) (per curiam).

In the present case, Plaintiff sets forth allegations against Defendant's employees, but Plaintiff did not name any of those employees as a defendant. Instead, he only named C.F.G. as a defendant, but fails to explain how C.F.G.'s policies or customs resulted in any alleged violations. *See Monell*, 436 U.S. at 694. In fact, "Plaintiff has alleged *no* facts suggesting that the challenged events were the result of [Defendant's] policy, practice, or custom." *Dastas*, 2011 WL 5040703, at *7 (emphasis in original).

A generous reading of the complaint shows that Plaintiff only alleges that C.F.G.'s employees were "deliberately indifferent to *his* medical complaints and failed to provide *him* treatment." *Treakle v. Clemmons*, No. 17-9340, 2018 WL 5149492, at *5 (D.N.J. Oct. 22, 2018) (emphasis in original). Plaintiff cannot, however, hold C.F.G. liable on a theory of vicarious liability under § 1983. *Weigher*, 402 F. App'x at 669–70.

Consequently, assuming *arguendo* that the employees acted with deliberate indifference, without facts establishing that the alleged indifference stemmed from C.F.G.'s specific policy or

custom, Plaintiff cannot proceed on this claim. Accordingly, as "there is no basis to find the named [Defendant] liable," the Court will dismiss the complaint without prejudice for failure to state a claim. *Dastas*, 2011 WL 5040703, at \*7; *see also Treakle*, 2018 WL 5149492, at \*5.

## IV.    CONCLUSION

For the reasons set forth above, the Court will dismiss Plaintiff's complaint without prejudice. The Court shall give Plaintiff thirty days to file an amended complaint to cure the deficiencies discussed above. An appropriate Order follows.

Dated: January  23,  2019                                    s/Robert B. Kugler
                                                              ROBERT B. KUGLER
                                                              United States District Judge